**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN CELLARS AND SUSAN CELLARS, | Civil Action No. 15-2781 (MAS) |
| Plaintiffs, | |
| v. | REPORT & RECOMMENDATION |
| PNC BANK, N.A., | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is Defendant PNC Bank's ("Defendant") Motion for an Order holding Brianna L. Harvey ("Ms. Harvey") in contempt (Docket Entry No. 11) pursuant to Fed.R.Civ.P. 70 and Fed.R.Civ.P. 71 based on Ms. Harvey's failure to comply with this Court's Orders. The Court has fully reviewed and considered the papers submitted in support of Defendant's Motion, and considers Defendant's Motion without oral argument pursuant to Fed.R.Civ.P. 78. For the reasons set forth more fully below, the Court respectfully recommends that Defendant's motion be GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**

The parties are familiar with the background of this case and therefore it shall not be repeated here at length. The central issue in this case is alleged unauthorized transactions made by Ms. Harvey from Plaintiffs' PNC bank account, therefore, her testimony is crucial to determine the facts related to the asserted claims and defenses. (Dec. of Jeffrey R. Johnson in Supp. of Mot. at 1, ¶ ¶ 2, 3). Ms. Harvey was served with a subpoena to testify at a deposition

which required her appearance at the law office of Brown & Connery, LLP ("Brown and

Connery") located at 360 Haddon Avenue, Westmont, New Jersey on April 15, 2016. (Id. at 2, ¶

4). Ms. Harvey failed to appear for her deposition. (Id. at ¶ 5).

On May 17, 2016, Defendant filed a motion to compel the deposition of Ms. Harvey

(Docket Entry No. 9). This Court granted the motion to compel on July 6, 2016 and ordered

Ms. Harvey to appear and provide testimony under oath at Brown and Connery within two weeks

of the date of the Order at a date and a time to be determined by counsel for Defendant. (Docket

Entry No. 10). The Court further noted that if Ms. Harvey failed to appear, she would face

sanctions from the Court. (Id.) Ms. Harvey failed to contact Defendant to schedule a time for

her deposition. (Id. at 2, ¶ 8). Defendant notified Ms. Harvey in writing that her deposition

would take place on August 16, 2016 at the Westmont Office. (Id.). Ms. Harvey again failed to

appear for the deposition. (Id. ¶ 9). At the suggestion of the Court, Defendant sent a letter to Ms.

Harvey on August 23, 2016 giving her one more opportunity to contact their office to schedule

her deposition. (Id. ¶ 10). As of October 5, 2016, Ms. Harvey had not contacted Defendant to

schedule her deposition.

Defendant filed this motion to hold Ms. Harvey in contempt pursuant to Fed. R. Civ. P.

70 and Fed. R. Civ. P. 71. Before deciding the motion for contempt, the Court issued an Order

to Show Cause giving Ms. Harvey one last opportunity to appear for her deposition on

November 18, 2016. (Docket Entry No. 13). This Order was sent by regular and certified mail

to the following addresses: 348 Park Rd., Sicklerville, NJ 08081 ("Sicklerville Address") and

240 Stewarts Lane, Kennett Square, PA 19348 ("Kennett Square Address").  Both letters sent to

the Sicklerville address were returned as undeliverable on October 27, 2016 (Docket Entry Nos.

15 and 16), however, the Court then received a signed certified mail receipt on November 4,

2016 from the Sicklerville address (Docket Entry No. 18).  The letters sent to the Kennett Square

address were not returned.  The Order to Show Cause hearing was subsequently rescheduled for

November 22, 2016 by the Court in a letter order dated November 4, 2016.  (Docket Entry No.

19).  The November 4, 2016 Order was also mailed by regular and certified mail to Ms. Harvey's

Sicklerville Address and Kennett Square Address.  None of these letters have been returned as

undeliverable.  Ms. Harvey failed to appear for the Order to Show Cause hearing on November

22, 2016.

## <u>ANALYSIS</u>

Fed.R.Civ.P. 70(a) and (e), provides that if a court "requires a party to…perform

any…specific act" and "the party fails to comply within the time specified," "the court

may…hold the disobedient party in contempt."  Fed.R.Civ.P. 71 provides that a non-party who

disobeys a court order is subject to the same sanctions as a party.

The Supreme Court of the United States has held that incarceration is an appropriate

sanction for civil contempt as long as its purpose is to compel compliance with a court order and

not to punish the contemnor.  *Intl'l Union v. Bagwell*, 512 U.S. 821 at 826-27 (1994); *Shillitani*

*v. United States*, 384 U.S. 364 at 370-71 (1966). In *Bagwell*, the Supreme Court further stated that, "those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." (Id. at 827). Ms. Harvey has repeatedly ignored this Court's orders and failed to appear for her deposition, therefore, the Court recommends that she be held in contempt and that a warrant be issued for her arrest.

## <u>CONCLUSION</u>

The Court having considered this matter pursuant to Fed.R.Civ.P. 70 and Fed.R.Civ.P. 71;

IT IS on this 29th day of November, 2016,

RECOMMENDED that Defendant's Motion for an Order holding Brianna L. Harvey in contempt be GRANTED; and it is further

RECOMMENDED that the District Court issue a warrant for the arrest of Brianna L. Harvey; and it is further

ORDERED that the Clerk of the Court administratively terminate Defendant's Motion for Contempt (Docket No. 11), pending the District Court's acceptance, rejection or modification of the instant Report and Recommendation; and it is further

ORDERED that the Clerk of the Court activate the instant Report and Recommendation so as to indicate that it requires further action by the District Court.

**Parties are advised that pursuant to Fed.R.Civ.P. 72(b)(2), they may file an**

objection to the disposition recommended herein within 14 days of being served with a copy of this Report and Recommendation.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**